UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PEDRO MANZANALES, Jr.
     Plaintiff,

     vs.                              14-1265

DR. ANDREW TILDEN, et.al.,
     Defendants.

<u>MERIT REVIEW OPINION</u>

     This cause is before the court for a merit review of the Plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center by nine Defendants including: Dr. Andrew Tilden, Health Care Administrator Terry Arroyo, Warden Randy Pfister, G. Pierce, A. Motteler, Wexford Health Source, Inc., Dr. Ojelade, the Illinois Department of Corrections and Director Godinez.

     The Plaintiff says a doctor has prescribed wrist splints for the Plaintiff due to carpal tunnel syndrome, but the Defendants have refused to provide them for six months.  The Plaintiff says his hands and wrists are partially paralyzed and are often swollen and stiff.  The Plaintiff says without the wrist splints, he suffers with severe pain and cannot perform day-to-day functions.  The Plaintiff claims the Warden and other supervisors are aware of his condition because he has provided them with copies of his grievances and medical records.

     The Plaintiff is clearly alleging the Defendants have violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.   However, the Plaintiff has not clearly stated how each of the Defendants was involved in his claim.  *Potter v Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").  In addition, the fact that the Plaintiff sent letters or copies of greivances to individuals is not sufficient. *Diaz v McBride*, 1994 WL 750707 at 4 (N.D.Ind. Nov. 30, 2004) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely be sending the official various letters or grievances complaining about the actions or conduct of subordinates).  A defendant cannot be held liable under 42 USC §1983 unless a Plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223,

1227 (7th Cir. 1982). A causal connection, or affirmative link, between the misconduct complained of and the official sued is necessary. *Rizzo v Goode*, 423 U.S. 362, 271 (1976). Furthermore, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of respondeat superior (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). The court also notes the Illinois Department of Corrections is not a proper Defendant.

The Plaintiff also alleges he has filed several grievances, but the Defendants have violated his due process rights by failing to process or investigate his claims. The Plaintiff has failed to state a constitutional violation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir.1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate grievances. *See Perales v Bowlin*, 644 F.Supp.2d 1090, 1100 (N.D. Ill. 2009)(ignoring grievance or failing to investigate does not make an official liable for damages under Sec. 1983).

Finally, the Plaintiff claims the Defendants failed to provide medical care in retaliation for his "ongoing litigation." (Comp, p. 3). To prevail on his claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir.2009). The Plaintiff may be able to state a retaliation claim, but again he has failed to identify which Defendants knew about his previous litigation, which Defendants retaliated against him and what they specifically did to retaliate against him.

The Plaintiff has failed to articulate any claim against the named Defendants. However, the court will not allow the Plaintiff an opportunity to amend his complaint to clarify his claims because it would be repetitive of litigation already pending before this court. In *Manzales v Tilden*, et.al, Case No. 13-1532, the Plaintiff alleges the Defendants were deliberately indifferent to a variety of serious medical conditions including failing to provide prescribed "wrist braces" for his "carpal tunnel syndrome." *Manzales v Tilden*, et.al, Case No. 13-1532, January 3, 2014 Merit Review Order, p. 1. In addition, he alleges the Defendants have failed to provide him medical care in retaliation for his previous letters and grievances. *Id*. Since this lawsuit clearly repeats the same claims against many of the same Defendants, the court will dismiss this lawsuit. If the Plaintiff wishes to clarify which Defendants were involved in his claims, he should file an amended complaint in the pending litigation, *Manzales v Tilden*, et.al, Case No. 13-1532.

IT IS THEREFORE ORDERED that:

1) The Plaintiff's complaint is dismissed in its entirety as repetitive of the claims already before this court in *Manzales v. Tilden*, Case No. 13-1532.

2)  The Plaintiff must still pay the full docketing fee even though this case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). *See Lindell v. McCallum,* 352 F.3d 1107, 1109 (7th Cir.2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993) (holding that it is malicious for a plaintiff to file a lawsuit under the *in forma pauperis* statute that duplicates allegations of another pending lawsuit). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 15th day of August, 2014.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE